# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

RUTH C. BUKER,   Case No. 05-14084-RGM
                 (Chapter 7)
Debtor.

## MEMORANDUM OPINION

THIS CASE was before the court on the debtor's motion to reopen the case to enforce a settlement agreement with Capital One Bank. The bank opposes reopening the case because no additional relief could be afforded the debtor.

## Background

The debtor obtained a discharge on January 13, 2006, and the case was closed on January 23, 2006. Later that year, the debtor moved to reopen her case in order to file a complaint against Capital One Bank for willful violation of the discharge injunction. The debtor asserted that her debt to the bank was discharged and that the bank misreported the status of this debt to the credit bureaus. The court granted the motion to reopen, but the parties entered into a settlement agreement before the debtor filed an adversary proceeding. The debtor filed a stipulation dismissing the motion to reopen, which provided in its entirety:

> Plaintiff, Ruth C. Buker by counsel, hereby requests that the motion to reopen this case and for sanctions against Capital One Bank FSB be dismissed with prejudice. Capital One Bank FSB has not filed an answer or otherwise responded in this proceeding. Each party shall bear their own costs of this proceeding.

Upon this stipulation, the case was closed again on September 5, 2006. The debtor now alleges that Capital One Bank has breached the settlement agreement. She has filed a second motion to reopen

1

the case for the purpose of enforcing the settlement agreement.

### Standard

In deciding whether to reopen a case under Bankruptcy Code §350(b), the court looks to all the circumstances of the case. The decision to reopen ultimately remains in the court's discretion. *Thompson v. Commonwealth (In re Thompson)*, 16 F.3d 576, 581-82 (4th Cir.), *cert. denied*, 512 U.S. 1221, 114 S. Ct. 2709, 129 L.Ed.2d 836 (1994); *Hawkins v. Landmark Finance Co. (In re Hawkins)*, 727 F.2d 324, 326 (4th Cir. 1984). Reopening of the bankruptcy case itself provides no substantive relief, but rather sets the stage for a party to request further relief. *Horizon Aviation of Va., Inc. v. Alexander*, 296 B.R. 380, 382 (E.D.Va. 2003). When reopening of the case could not result in additional relief being granted, the bankruptcy court should deny the request to reopen as "futile and a waste of judicial resources." *In re Carberry*, 186 B.R. 401, 402 (Bankr.E.D.Va. 1995); *accord In re Potes*, 336 B.R. 731, 732 (Bankr.E.D.Va. 2005); *In re Zaidi*, 293 B.R. 861, 862 (Bankr.E.D.Va. 2002); *In re Walker*, 198 B.R. 476, 478-79 (Bankr.E.D.Va. 1996).

### Discussion

The debtor requests that her case be reopened so that she can enforce the settlement agreement. In opposition, the bank asserts that this court lacks jurisdiction to hear the claim.

Bankruptcy courts, like all federal courts, are courts of limited jurisdiction, and the court may act only when it has jurisdiction to do so. The United States Supreme Court considered whether a federal court has jurisdiction to enforce a settlement agreement after dismissal in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994). *Kokkonen* was a diversity case involving various state law claims. At the conclusion of trial, but prior to entry

of a judgment, the parties entered into a settlement and filed a stipulation and order of dismissal. The stipulation and order of dismissal did not incorporate or restate the terms of the settlement agreement and did not retain jurisdiction in the district court to enforce the settlement agreement. Some time later, the parties returned to the district court to enforce the agreement. The district court and the Ninth Circuit both held that the district court had authority under its inherent powers to enforce the order of dismissal. The Supreme Court disagreed. According to the Court, "[e]nforcement of the settlement agreement, . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378. The parties could not proceed in federal court because enforcement of the settlement agreement did not have its own jurisdictional predicate.

The Supreme Court did note, however, that enforcement of a settlement agreement can come within the court's inherent or ancillary jurisdiction. This can occur if "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in that order." *Id.* at 381. Because the stipulation and order of dismissal did neither, the district court lacked ancillary jurisdiction to enforce the settlement agreement.

*Kokkonen* has been applied to bankruptcy cases. *See, e.g.*, *In re Fibermark, Inc.*, 369 B.R. 761, 766 (Bankr.D.Vt. 2007). In *In re Synergistic Technologies, Inc.*, 213 B.R. 472 (Bankr.E.D.Va. 1997), for example, Judge Tice ruled that *Kokkonen* applies in the bankruptcy context so that bankruptcy courts generally do not have jurisdiction to enforce the terms of a settlement agreement after resolution of the dispute. In that case, the dismissal order recited the terms of the settlement

agreement and provided the court with ancillary jurisdiction to enforce the settlement agreement. *Id.* at 474-75. *See Morrison v. Brosseau*, 2007 WL 2901133, *8 (E.D.Tex. Sep. 28, 2007) (explaining that if the settlement agreement is incorporated into the order, breach of the agreement is a violation of the order, thus permitting the court enforce its orders and vindicate its authority) (citing *In re Poplar Run Five Ltd. P'ship*, 192 B.R. 848, 859 (Bankr.E.D.Va. 1995)).

Applying *Kokkonen* and *Synergistic Technologies*, the court finds that if this case were reopened, the court would lack jurisdiction to hear the debtor's claim for breach of the settlement agreement. The stipulation of dismissal did not provide for the court to retain jurisdiction to enforce the settlement agreement and did not incorporate the terms of the settlement agreement. The debtor has identified no additional jurisdictional basis for the court to proceed. As the court lacks jurisdiction to hear the debtor's claim, it would be futile to reopen the case.

Because reopening the case would be futile on jurisdictional grounds, the court need not reach Capital One Bank's other arguments against reopening the case. The court will deny the debtor's motion to reopen.

Alexandria, Virginia
October 26, 2007

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:
Robert R. Weed
Jason W. Harbour
Gordon P. Peyton

13766